FILED

2020 Dec-15  AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **RAPHAEL MAX PROVINO,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:20-cv-01711-ACA** |
| | ] | |
| **JOSEPH BIDEN, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

This matter is before the court for a screening, as required by 28 U.S.C. § 1915(e)(2)(B).  As the court will explain below, Plaintiff Raphael Max Provino's amended complaint fails to state a claim.  Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** as required by § 1915(e)(2)(B)(ii).  The court **WILL DENY AS MOOT** Mr. Provino's motions for appointment of counsel (doc. 6) and for issuance of a subpoena (doc. 7).

On October 30, 2020, Mr. Provino filed a complaint against Joseph Biden, Rick Perry, Dan Patrick, the "State of Texas (all counties)," and the U.S. Department of the Treasury.  (Doc. 1 at 1–3).  The complaint referred to "2 deliberate murders (2 deaths), 1 kidnapping theft, yelling, torture, theft of POA, betrayal, RICO violations, theft of 52 properties, destruction of credit," a "bait and switch" on an interest rate, an attorney overcharging someone, an attack on a blind woman, false

advertising, and the "loss" of a number of people, properties, and money, but it provided no information about the claims Mr. Provino was attempting to assert, how the named defendants were liable for those claims, or what relief he sought from this action. (*Id.* at 4–5). The court granted Mr. Provino leave to proceed *in forma pauperis* and ordered him to file an amended complaint correcting the deficiencies in his complaint. (Doc. 3).

Mr. Provino filed an amended complaint naming Mr. Biden, "U.S. Govt Inc.," the "State of Texas (all counties)," and the "Texas Bar (all bars)." (Doc. 5 at 1). His amended complaint continues to list various people, organizations, and governments allegedly involved in a conspiracy to steal money from himself and Helen Provino, to engage in elder abuse, entrapment, extortion, embezzlement, torture, insurance fraud, and murder, among other wrongful acts. (*See generally id.*). The few factual allegations contained in the amended complaint are unrelated to any of the named defendants. (*See, e.g.*, *id.* at 8 (describing how several people promised Mr. Provino a 6% annual percentage rate to induce him to buy a property, but charged him a 7% rate), 16 (describing a scheme to trick an elderly blind woman into purchasing a property and refusing to return the money)). Mr. Provino also filed an untitled set of documents that continue to make similar allegations but do little clarify his claims. (*See* Doc. 4).

Because Mr. Provino is proceeding *in forma pauperis*, the court must *sua sponte* dismiss the case if it "determines that . . . the action . . . fails to state a claim on which relief may be granted."[1]  28 U.S.C. § 1915(e)(2)(B)(ii).  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Under that standard, the court must dismiss the case if the plaintiff fails to plead "a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Provino's amended complaint does not state a claim.  The amended complaint contains few factual allegations, and the factual allegations it does contain appear unrelated to the named defendants.  The amended complaint, while listing a number of wrongful acts allegedly committed by a variety of people, organizations, and governments, also does not clearly specify what claim or claims Mr. Provino is bringing against the named defendants in particular.  Finally, the amended complaint

---

[1] Section 1915(e)(2)(B) also requires the court to dismiss actions that are "frivolous or malicious."  18 U.S.C. § 1915(e)(2)(B)(i).  Mr. Provino's complaint appears to meet the standard for frivolity, being based on "factual allegations [that] are clearly baseless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quotation marks omitted).  "Clearly baseless" factual allegations include "fantastic or delusional scenarios."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

does not state what relief Mr. Provino seeks. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought . . . .").

This court has already given Mr. Provino one opportunity to amend his complaint, and pointed out these same deficiencies with specific instructions about how to properly plead a claim. (*See* Doc. 3 at 2–3). The amended complaint does not remedy any of the deficiencies identified by this court. Accordingly, this court must dismiss this action, as required by § 1915(e)(2)(B)(ii).

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this December 15, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE